UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGELIO T ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-347 |
| | § | |
| REGENCY SQUARE APARTMENTS; dba | § | |
| SNH MANAGEMENT REALTY, LLP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered the Court's sua sponte review of its subject matter jurisdiction in the above-styled action. For the reasons discussed below, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1, Nueces County, Texas, where it was originally filed and assigned Cause No. 2010-CCV-61648-1.

I.     **Factual and Procedural Background**

On August 31, 2010, Plaintiff Rogelio T. Ortiz filed this action in state court alleging that Defendants Evelyn Thompson and Regency Square Apartments ("Regency") are liable for employment discrimination, retaliation, and intentional infliction of emotional distress. (D.E. 1, Exh. 1, Plaintiff's Original Petition.) After being served the Original Petition on October 4, 2010, Regency timely removed this action on October 29, 2010 asserting diversity jurisdiction. (D.E. 1.) Defendant Evelyn Thompson has not yet been served.

Defendant Regency is a Minnesota limited liability partnership whose partners are citizens of Nevada and Florida. (D.E. 1, p. 3.) Both Plaintiff Ortiz and Defendant Thompson are citizens of Texas. (D.E. 1, p. 2.)

## II.   Discussion

### A.   General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno, 276 F.3d at 723. In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). When subject matter jurisdiction is improper, a court may raise the issue sua sponte. See Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) ("We are duty-bound to examine the basis of subject matter jurisdiction sua sponte." (citations omitted)); H&D Tire and Auto. Hardware v. Pitney Bowes Inc., 227 F.3d 326, 328 (5th Cir. 2000) ("We have a duty to raise the issue of subject matter jurisdiction sua sponte.").

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Manguno, 276 F.3d at 723; Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### B. General Removal Principles

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). A district court may disregard the defendant's citizenship if the defendant was improperly joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). In this case, complete diversity is lacking because both Plaintiff Ortiz and Defendant Thompson are Texas citizens. See Corfield, 355 F.3d at 857. Defendant Regency Square argues that this Court should disregard Defendant Thompson's citizenship because she "has not been properly joined" and that "no reasonable basis exists supporting an IIED claim against her." (D.E. 1, p. 3.) The Court considers this argument below.

### 1. Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The mere fact that an in state defendant "was not served with summons . . . does not support removal." Horton v. Scripto-Tokai Corp., 878 F. Supp. 902, 906 (S.D. Miss. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939) (finding mere fact that non-diverse defendant has not been served does not justify removal)). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006)

(citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud, the defendants have to establish the non-diverse party was improperly joined by demonstrating that there is no possibility of recovery by plaintiff against the non-diverse defendant.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573.  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [its state law] claim, but look[s] only for a possibility that the plaintiff might do so."  Guillory, 434 F.3d at 308.

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  See Smallwood, 385 F.3d at 573.  Only in cases where a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder [may the district court,] in its discretion, pierce the pleadings and conduct a summary inquiry."  Id.  Even then, a finding of improper joinder is only appropriate if "as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court."  Badon v. R J R Nabisco, Inc., 224 F.3d 382, 390 (5th Cir. 2000) (citing Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995)).  If the removing defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the court does not have diversity jurisdiction over the case.  See 28 U.S.C. § 1332, 1447(c).

        **2.**        **Possible Recovery Against Non-Diverse Defendant**

Plaintiff Rogelio Ortiz seeks to recover damages for intention infliction of emotional distress ("IIED") against Defendant Evelyn Thompson for her conduct as his manager. "[I]ntentional infliction of emotional distress occurs when: (1) a person acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the person's actions caused another person's emotional distress; and (4) the emotional distress suffered by the other person was severe." Bradford v. Vento, 48 S.W.3d 749, 758 (Tex. 2001) (citing GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999)).

Plaintiff's complaint alleges each element of an IIED claim. (D.E. 1, Exh. 1, p. 6.) Plaintiff claims that while he was employed with Defendant Regency Square, Defendant Thompson prohibited Plaintiff from speaking in Spanish with another employee, stating "you need to speak English and only English, no employee is allowed to speak in their own language but English." (D.E. 1, Exh. 1, p. 4.) When Plaintiff protested that this policy, Defendant Thompson allegedly said, "I don't care, I'm the boss and only English will be allowed of all employees." (D.E. 1, Exh. 1, p. 4.) Plaintiff claims that after he complained about Defendant Thompson's numerous offensive remarks, he became "the target of retaliation." (D.E. 1, Exh. 1, p. 4.) Plaintiff alleges that this conduct cause him "severe emotional and physical distress." (D.E. 1, Exh. 1, p. 6.)

This Court finds that the alleged conduct complained by Plaintiff is "extreme and outrageous." Plaintiff not only alleges that Defendant Thompson recklessly prohibited the use of any language other than English, but that Plaintiff also became a "target of retaliation." Such conduct is beyond what is "tolerable in a civilized community," and thus may be subject to liability under an IIED claim. See Bradford, 48 S.W.3d at 758. While Defendant is correct that IIED is "first and foremost, a 'gap-filler' tort," in this case IIED plays that role. Plaintiff's

employment discrimination claims can only be sought against an employer, leaving Defendant Thompson free from personal liability despite her conduct. See TEX. LAB. CODE § 451; TEX. LAB. CODE § 221.001-21.306; Gillette v. City of Farmers Branch, 2001 Tex. App. LEXIS 391 (Tex. App. Dallas Jan. 19, 2001) (finding that under the TCHRA and Section 451 of the Texas Labor Code "only employers are liable and therefore supervisors and managers are not liable in their individual capacities for such acts of discrimination"). Plaintiff's IIED claim against Defendant Thompson fills this gap by making Defendant Thompson liable if Plaintiff's allegations are proven to be true. Thus, Plaintiff's Original Petition establishes that Defendant Thompson may be liable for IIED. Therefore, Defendant Thompson was not improperly joined to this action and this Court lacks subject matter jurisdiction over this matter.

### III. Conclusion

For the reasons stated above, this Court determines sua sponte that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1, Nueces County, Texas, where it was originally filed and assigned Cause No. 2010-CCV-61648-1.

SIGNED and ORDERED this 30th day of November, 2010.

_____
Janis Graham Jack
United States District Judge